# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9303 | **DATE** | 12/13/2012 |
| **CASE TITLE** | Benjamin Rocha (M-26967) vs. Patrick Perez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice. His complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, **and** (2) submit an amended complaint in accordance with this order. The clerk shall send Plaintiff another *in forma pauperis* application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in summary dismissal of the case. Plaintiff's motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Benjamin Rocha, an inmate at the Illinois River Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against Kane County Sheriff Patrick Perez, Kane County Officers Ciganek, Craig Tucker, Colin Flevry, and federal Drug Enforcement Administration ("DEA") Agents Mario Elias and Miguel Pantoja. According to Plaintiff, on October 17, 2011, Kane County officers illegally entered and searched Plaintiff's home; the officers allegedly robbed Plaintiff and sexually assaulted his daughter and granddaughter while looking for drugs; and the officers and/or DEA agents threatened to imprison Plaintiff's daughter and granddaughter if Plaintiff did not plead guilty. Plaintiff states that the officers' October 2011 actions occurred before Kane County criminal case number 11-CF-2350 was commenced against him. Plaintiff further alleges that, after he complained to Internal Affairs, he was harassed by several of the Defendants and his children's savings accounts were frozen in an attempt to have Plaintiff and his family move out of the city. Plaintiff seeks to proceed *in forma pauperis*. [5]. Plaintiff also states in a letter to the Court [4] that he has filed another suit relating to the October 2011 events and that his wife and children have also filed their own lawsuit.

The cover of Plaintiff's complaint includes the names of several other individuals as plaintiffs (presumably Plaintiff's family members); however, the complaint is signed only by Plaintiff and the Court will consider the complaint to be filed only by him. *See* Rule 11(a) of the Federal Rules of Civil Procedure (every pleading filed by a party not represented by counsel must be signed by that party).

The Court has conducted a preliminary review of the complaint. *See* 28 U.S.C. § 1915A (a federal court must conduct an initial review of every complaint filed by an inmate and dismiss the complaint, or any claim therein, if the complaint or claim is malicious or frivolous, fails to state a claim upon which the court can grant relief, or seeks monetary damages from parties immune from such relief). Several issues prevent the complaint from proceeding in this Court.

First, the bulk of Plaintiff's claims appear to challenge police and/or DEA actions related to his state criminal case. Plaintiff states that the officers/agents' actions (robbery, sexual assault, and threatening to incarcerate Plaintiff's family) coerced him to plead guilty. Such claims cannot proceed in this Court if a favorable ruling

**STATEMENT**

here would call into question Plaintiff's current conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff can seek monetary damages for such claims only after his conviction has been invalidated on direct, post-conviction, or federal habeas review or by some other means. *Id.*; *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

Second, Plaintiff states that he has filed another suit, presumably in state court, and that his family members have also done so. The existence of these other suits potentially raises a question whether the instant suit should proceed at the same time. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) (a court may abstain its jurisdiction over a federal case to a "concurrent state proceeding" as a matter of "wise judicial administration"). Should he wish to proceed with this case, Plaintiff must provide the Court with more information about these other lawsuits, such as the jurisdiction in which they are pending (*e.g.*, Kane County Circuit Court), and the claims and parties involved.

Lastly, the complaint does not satisfy the notice-pleading requirement of Fed. R. Civ. P. 8(a)(2). See also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has provided a lengthy narrative, but has not made clear what claims he is alleging against each defendant and the grounds upon which those claims rest. Plaintiff need not provide extensive details about his claims; "short and plain statement(s) of the claim" are sufficient to meet the notice-pleading standard.

For the reasons stated above, the complaint is dismissed without prejudice. If Plaintiff seeks to proceed with this case, he must submit an amended complaint that clearly states which claims he asserts against each Defendant, that raises only claims that would not affect the validity of his conviction if he succeeded on those claims, and that states whether there is another suit pending which raises the same claims.

Additionally, Plaintiff's motion to proceed *in forma pauperis* is incomplete as it does not contain a copy of his inmate trust fund account. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the fee with monthly deductions from his prison or jail trust fund account. If the Court grants the inmate's application, the Court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the Court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The current motion for leave to proceed *in forma pauperis* is denied without prejudice to Plaintiff either submitting a completed application or prepaying the filing fee.

Plaintiff's motion for the appointment of counsel [5] is denied without prejudice. Plaintiff has not demonstrated that he unsuccessfully attempted to retain counsel or was prevented from doing so. Also, this case, at this early stage, involves neither complex issues of discovery nor an evidentiary hearing, and Plaintiff's complaint and accompanying filings, though not providing sufficient information to state a valid claim, indicate that he is competent to represent himself at this stage. See *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Accordingly, if Plaintiff wants to proceed with this case, he must: (1) submit a completed *in forma pauperis* application or, alternatively, prepay the $350 filing fee, and (2) submit an amended complaint in accordance

**STATEMENT**

with this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case. Such a dismissal would be without prejudice to Plaintiff proceeding with his other suit(s) or to raising his claims in a proceeding that directly challenges his conviction; however, the case in this Court would be closed.