Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9303 | **DATE** | 2/14/2013 |
| **CASE TITLE** | Benjamin Rocha (M-26967) vs. Patrick Perez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [8] is granted. The trust fund officer at Plaintiff's place of confinement is authorized and directed to deduct $19.66 from Plaintiff's trust fund account and submit it to the Court as the initial partial payment of the filing fee. Thereafter, the trust fund officer is authorized to make monthly deductions in accordance with this order. The Clerk shall mail a copy of this order to the trust fund officer at the Illinois River Correctional Center. Plaintiff may proceed with his complaint against Kane County Sheriff Patrick Perez, Kane County Officers Ciganek, Craig Tucker, and Colin Flevry, and Federal DEA Agents Mario Elias and Miguel Pantoja. The Clerk shall issue summonses for service of the complaint through the U.S. Marshal on Defendants Kane County Sheriff Patrick Perez, Kane County Officers Ciganek, Craig Tucker, Colin Flevry, and federal Drug Enforcement Administration ("DEA") Agents Mario Elias and Miguel Pantoja. The Clerk shall also send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

Plaintiff Benjamin Rocha, an inmate at the Illinois River Correctional Center, has filed an amended civil rights complaint under 42 U.S.C. § 1983 against Kane County Sheriff Patrick Perez, Kane County Officers Ciganek, Craig Tucker, Colin Flevry, and federal Drug Enforcement Administration ("DEA") Agents Mario Elias and Miguel Pantoja. According to Plaintiff, on October 17, 2011, Kane County and DEA officers entered his home without a warrant and with guns drawn, searching for drugs. Plaintiff states that the officers and federal agents took $70,000 in cash, jewelry, and electronic equipment, only some of which was inventoried. Allegedly, they searched Plaintiff's wife, daughter, son, and two-month old granddaughter, touching their private areas during the process. Plaintiff states that he and his wife were wrongfully arrested, and his wife was released four months later. When Plaintiff and his family complained to Kane County Internal Affairs and the FBI's corruption unit, the Defendants allegedly returned to Plaintiff's house and threatened to arrest his wife and family. Defendants Pantoja and Elias allegedly attempted to deport Plaintiff's wife, who Plaintiff states was released by immigration officers. Plaintiff lists only himself as Plaintiff; however, his request for relief also seeks damages for Defendants' actions against his wife and other family members.

Plaintiff seeks to proceed *in forma pauperis* and has submitted a completed application. The court grants his current IFP motion and assesses an initial filing fee of $19.66. The trust fund officer at Plaintiff's place of incarceration is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds

| STATEMENT |
|---|

$10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

Accepting Plaintiff's allegations as true, as the Court must at this stage of the case, he states claims of false arrest and illegal search. *Green v. Butler*, 420 F.3d 689, 694-95 (7th Cir. 2005); *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998). His claims that officers and agents stole money, jewels, and video equipment from his house may also proceed as pendent state-law claims. *Vukadinovich v. Zentz,* 995 F.2d 750, 755 (7th Cir. 1993). However, Plaintiff may not bring claims on behalf of his wife, which include her alleged four-month illegal detention and retaliation claims. *Young v. Murphy*, 90 F.3d 1225, 1236 (7th Cir.1996) (Fourth Amendment claims are personal and cannot be alleged on behalf of another person). It appears that Plaintiff may also be seeking to assert claims on behalf of his minor children. Plaintiff may clarify his intentions in this regard at the initial status hearing.

The Clerk shall issue summonses for service of the complaint through the U.S. Marshal on Defendants Kane County Sheriff Patrick Perez, Kane County Officers Ciganek, Craig Tucker, Colin Flevry, and federal Drug Enforcement Administration ("DEA") Agents Mario Elias and Miguel Pantoja. Any forms necessary for Plaintiff to complete for the Marshal to accomplish service, shall be forwarded to Plaintiff by the Marshal. Plaintiff's failure to return those forms will result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employees not located at the address provided by Plaintiff, Kane County and DEA officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, he must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for the Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.